IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO MORALES,                          No.  CIV.S-04-1524 DAD

    Plaintiff,

 v.                                     ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

    Defendant.
_____/

    This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

## PROCEDURAL BACKGROUND

    Plaintiff Pedro Morales applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). (Transcript (Tr.) at 44-47.)  The Commissioner denied plaintiff's

1

application initially and on reconsideration.  (Tr. at 27-30, 34-37.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on January 6, 2004, at which time plaintiff was represented by counsel.  (Tr. at 160-83.)  In a decision issued on February 27, 2004, the ALJ determined that plaintiff was not disabled.  (Tr. at 13-20.)  The ALJ entered the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's discogenic low back pain is a "severe" impairment, based upon the requirements in the Regulations (20 CFR § 404.1520(c)).
>
> 4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant has the residual functional capacity to perform light work with a preclusion from frequent bending.

/////

/////

2

|   |   |   |
|---|---|---|
| 1 2 3 | 7. | The claimant's past relevant work as fruit sorter did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 404.1565). |
| 4 5 | 8. | The claimant's medically determinable discogenic low back pain does not prevent the claimant from performing his past relevant work. |
| 6 7 8 9 | 9. | The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(e)). |

(Tr. at 20.)  The Appeals Council declined review of the ALJ's decision on June 9, 2004.  (Tr. at 5-10.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on August 3, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

3

1    A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.

/////

4

>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances essentially three arguments in his motion for summary judgment. First, plaintiff asserts that the ALJ generally improperly evaluated the medical evidence regarding plaintiff's alleged back impairment. Second, plaintiff maintains that the ALJ failed to properly consider whether plaintiff's impairments equal a listed impairment. Third, plaintiff asserts that the ALJ erred in discounting the testimony of plaintiff regarding the severity of plaintiff's symptoms and the resulting limitations those symptoms place upon him. The court addresses plaintiff's arguments below, although not in the order plaintiff has presented them.

Beginning with plaintiff's argument that the ALJ improperly evaluated certain evidence regarding plaintiff's back impairment, plaintiff specifically asserts that the ALJ minimized the

/////

significance of the October 8, 2001, MRI of plaintiff's low back which resulted in the following impression:

> 1. Mild L4-L5 disc degeneration with broad central 2-4 mm herniation, resulting in mild spinal canal stenosis.
>
> 2. Mild L5-S1 disc degeneration with focal central 3-mm protrusion and fissuring of the annulus. No stenosis at this level.
>
> 3. No fracture is identified.

(Tr. at 104-06, 157.)  Plaintiff's argument is misplaced.

The ALJ accurately summarized the results of the MRI in his written decision. (Tr. at 17.)  The ALJ also accurately noted that following his review of the MRI results, plaintiff's treating physician simply assessed "[l]umbar spine pain, persistent, status post-MVA 06/11/01." (Tr. at 103.)  Following his October 22, 2001, examination of plaintiff, that treating physician, Paul C. Riggle, M.D., noted that while plaintiff continued to complain of low back pain with radiating pain to his left leg, there were no neurologic symptoms or weakness. (Id.)  Similarly, plaintiff had some left back pain upon straight leg testing and tenderness over the lumbar spine, but motor and sensory examinations were normal. (Id.)  The back also had normal range of motion without tenderness and there was no paraspinous muscle tenderness or spasm. (Id.)  Thus, Dr. Riggle simply re-started non-steroidal anti-inflammatory medication; referred plaintiff to physical therapy; and advised that he continue chiropractic care. (Id.)  Following four physical therapy sessions, physical therapist Teresa King, P.T. discharged plaintiff on December 24, 2001, because plaintiff "[h]as missed several appointments/

1 dropped out." (Tr. at 112.) Ms. King noted that plaintiff "reported
2 feeling much better" at his last visit which was on November 8, 2001.
3 (Id.) In sum, while plaintiff asserts he has a debilitating low back
4 condition, the MRI of his spine and the records of his treating
5 sources do not support that assertion. The ALJ appropriately
6 assessed the medical evidence in this regard.

7 In contesting the ALJ's evaluation of the evidence,
8 plaintiff also asserts that the ALJ improperly utilized the opinion
9 of Holly Kelly, M.D., the consulting physical medicine and
10 rehabilitation specialist who examined plaintiff on May 31, 2003.
11 (Tr. at 130-34.) Specifically, plaintiff argues that since the ALJ
12 chose to rely on the opinion of Dr. Kelly in formulating plaintiff's
13 residual functional capacity, he should have incorporated all of the
14 limitations assessed by Dr. Kelly. However, plaintiff cites no
15 authority in support of this proposition. Indeed, the residual
16 functional capacity determination is the province of the ALJ, not any
17 physician. 20 C.F.R. § 404.1546(c); Vertigan v. Halter, 260 F.3d
18 1044, 1049 (9th Cir. 2001).

19 Moreover, as defendant points out, Dr. Kelly's assessment
20 is consistent with the ALJ's residual functional capacity
21 determination. The court realizes that the ALJ's determination in
22 this regard did not expressly account for Dr. Kelly's finding that
23 plaintiff avoid stooping and crouching and be able to change
24 positions every two hours. (Tr. at 134.) However, as defendant also
25 points out, plaintiff's past relevant position of a fruit sorter does
26 not require stooping, crouching or any other type of bending. See

Dictionary of Occupational Titles, U.S. Dept. of Labor (4th ed. 1991) ("DOT"), § 529.687-186.[1]  Defendant also persuasively argues that any requirement that plaintiff be afforded an opportunity to change positions every two hours could be accommodated with usual work breaks and a lunch break.  Therefore, to the extent that the ALJ erred in not specifically including any stooping, crouching or break limitations in his residual functional capacity assessment, that error was harmless.  See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990); Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984).

For all of these reasons, the court finds that the ALJ properly evaluated the medical evidence regarding plaintiff's alleged back impairment.  Plaintiff's argument to the contrary is rejected.

Turning to plaintiff's credibility argument, it is well-established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  An ALJ's assessment of credibility should, in general, be given great weight.  Nyman v. Heckler, 779 F.2d 528, 530-31 (9th Cir. 1985).  Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner.  Morgan, 169 F.3d at 599.  In evaluating a claimant's

---

[1] The demands of past relevant work can be ascertained by looking to the demands of the occupation as generally required by employers throughout the national economy.  Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001).  "[T]he best source for how a job is generally performed is usually the Dictionary of Occupational Titles."  Id. at 845-46 (citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) and 20 C.F.R. §§ 404.1566(d) and 416.966(d)).

subjective testimony regarding pain and the severity of his or her symptoms an ALJ may consider the presence or absence of supporting objective medical evidence along with other factors.  See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness.  See Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

Nonetheless, an ALJ's rejection of a claimant's testimony must be supported by specific findings.  Morgan, 169 F.3d at 599; Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993)(citing Miller, 770 F.2d at 848).  Once a claimant has presented evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of his or her symptoms merely because the testimony is unsupported by objective medical evidence.  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Chater, 119 F.3d 789, 792 (9th Cir. 1997).  Rather, "the ALJ can reject the claimant's testimony about the severity of [his or] her symptoms only by offering specific, clear and convincing reasons for doing so." Light, 119 F.3d at 792.  See also Reddick, 157 F.3d at 722.

Here, plaintiff's medical records document a condition which might reasonably be expected to cause the symptoms alleged by plaintiff.  However, while plaintiff alleges that he is totally unable to work due to the severity of his symptoms stemming from his back condition, the ALJ made specific and detailed findings in not fully crediting plaintiff's testimony in this regard.  For example,

the ALJ accurately observed that plaintiff did not follow through with his physical therapy as scheduled.  (Tr. at 112.)  The Ninth Circuit has explained that a claimant's failure to follow a prescribed course of treatment without adequate explanation may cast doubt on the sincerity of the claimant's testimony.  See Smolen, 80 F.3d at 1284; Bunnell, 947 F.2d at 346; Fair, 885 F.2d at 603.

The ALJ also found plaintiff less than credible due to the findings of Dr. Kelly and the two non-examining state agency physicians who found plaintiff capable of performing work.  (Tr. at 130-34, 140, 141-48.)

Substantial evidence in the form of records from plaintiff's treating physician and his physical therapist also supports the ALJ's observation that plaintiff underwent generally conservative treatment -- including medications, chiropractic care and physical therapy  (Tr. at 102-21) -- which also justifies discounting plaintiff's complaints of totally disabling pain.  See Johnson, 60 F.3d at 1434 (considering claimant's conservative treatment as inconsistent with the debilitating condition claimed in upholding denial of benefits); Fair, 885 F.2d at 604 (same).

Finally, it is worth noting that the ALJ did not totally reject plaintiff's subjective complaints of pain.  In this regard, the ALJ limited plaintiff to light work and thus obviously credited those complaints of pain to some extent.

For these reasons the court finds that the ALJ fairly characterized the record and sufficiently stated specific, clear and convincing reasons for not fully crediting plaintiff's testimony

regarding the severity of his symptoms.  See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).  Plaintiff's argument to the contrary must be rejected.[2]

With respect to plaintiff's argument regarding step three of the sequential evaluation, plaintiff's specific assertion is that the ALJ's written decision "failed to contain any discussion regarding the requirements of [20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04 ("Listing 1.04")]", which concerns "Disorders of the spine."[3] (Pl.'s Mem. of P. & A. at 10.)  In a sentence plaintiff further offers that "the combined effect of plaintiff's non-exertional impairments of chronic pain syndrome, headaches, tinnitus and obesity" amount to a "possible medical equivalency to the Listing." (Id.) (emphasis added.)  The court recognizes that the ALJ did not

---

[2] In his motion plaintiff also briefly contests the ALJ's treatment of the testimony of plaintiff's wife at the administrative hearing.  (Tr. at 177-82)  Mrs. Morales essentially supported her husband's testimony regarding the extent of his limitations. However, in accurately assessing the medical evidence as a whole as well as noting plaintiff's conservative care and failure to follow prescribed treatment, the court finds that the ALJ also provided specific reasons for expressly disregarding the testimony of plaintiff's wife, although those reasons are not expressly delineated as such in the ALJ's written decision.  See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)("In all, the ALJ at least noted arguably germane reasons for dismissing the family members' testimony, even if he did not clearly link his determination to those reasons.").

[3] Listing 1.04, the substance of which used to be set forth at 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.05C ("Listing 1.05C"), was in effect at the time the ALJ rendered his February 27, 2004, decision and is the relevant Listing here.  While plaintiff also cites to Listing 1.05C in his motion, the court assumes that the citation is inadvertent.  Listing 1.05C now concerns amputations and obviously does not apply.  See Angel v. Barnhart, 329 F.3d 1208, 1210 n.5 (10th Cir. 2003)("Listing 1.05C was revised in 2002, and it is now listing 1.04.  See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04 (2002).")

1  discuss the combined effects of all of those alleged impairments or
2  compare them to any Listing.  However, plaintiff has not offered any
3  theory as to how his impairments combine to equal a listed impairment
4  nor has he pointed to evidence in support of any such theory.
5  Therefore, his argument that the ALJ erred by failing to consider the
6  combined effects of his impairments is rejected.  See Lewis, 236 F.3d
7  at 514 ("The ALJ did not discuss the combined effects of Lewis's
8  impairments, or compare them to any listing.... [H]owever, Lewis has
9  offered no theory, plausible or otherwise, as to how his seizure
10 disorder and mental retardation combined to equal a listed
11 impairment."); see also Burch v. Barnhart, 400 F.3d 676, 682-83 (9th
12 Cir. 2005) (claimant did not carry his initial burden of proving that
13 she had a combination of impairments that meet or equal the criteria
14 of a listed impairment).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

DATED: September 12, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\morales1524.order

12